## GRANVILLE BROOKS V. THE STATE.

No. 11247.   Delivered January 11, 1928.

**Burglary—Evidence—Held Sufficient.**

Where the evidence for the state, on a trial for burglary, established the breaking and theft of a suit of clothes, which were found shortly afterward in appellant's possession, his claim that he purchased the suit of clothes being properly submitted to the jury and they having determined against his defense, this court is not warranted in disturbing their verdict.

Appeal from the District Court of Lamar County.   Tried below before the Hon. Geo. P. Blackburn, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being two years in the penitentiary.

The only question presented is whether the evidence is sufficient. Appellant worked as shine boy in a barber shop located in a building which had been divided by a lengthwise partition running from the front to a cross partition toward the rear of the building. Whiteside occupied the other part of the building separated by the lengthwise partition. There were rear doors through the partition leading both from the barber shop and Whiteside's part of the building into a large rear room which was vacant. Whiteside's place of business was burglarized by prizing off the bar which fastened the door in the cross partition and a suit of clothes was stolen. These

clothes were found in appellant's possession. It was shown that appellant had a key to the barber shop at the time of the burglary by the use of which he could pass through the barber shop and gain access to the door which had been prized open. The doors to the main building, both rear and front, were undisturbed. Appellant claimed to have been at another place at the time of the burglary and explained his possession of the clothes by a claimed purchase, supporting his own evidence to that effect by the testimony of other witnesses. The issues of alibi and purchase were properly submitted to the jury, who settled them in favor of the state. If the defensive evidence had been believed an acquittal was demanded. We see no grounds upon which this court is authorized to disturb the jury's finding upon an issue of fact under the circumstances appearing in the present record.

The judgment is affirmed.        *Affirmed.*